[No. 2,191.]

JAMES P. TREADWELL v. MARY REYNOLDS, EDWARD KINNEY, WM. J. KINNEY AND ELIZABETH KINNEY.

47 171
108 268

DELIVERY OF DEED.—The presumption is that a deed was delivered on the day given in the body of the deed, but such presumption is not conclusive, and the true date of delivery may be proved *aliunde*.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Ejectment for a portion of fifty-vara lot No. 1,328 on the northwest corner of O'Farrell and Hyde streets, in San Francisco.

The defendants in their answer set up title in themselves, and asked for relief on the equity side of the Court, to be quieted in their title and possession. Both parties claimed under J. J. Bryant, to whom the lot was granted by John W. Geary, the Alcalde of San Francisco, on the twentieth day of November, 1849. Both parties also claimed title through Clark and George, to whom Bryant's title had come by mesne conveyances. May 3d, 1850, after a sale on executions against Bryant, the Sheriff made a deed to one Boyd. November 23d, 1853, Bryant made a deed to Clark and George, and November 16th, 1854, Boyd made a deed to Clark and George. Clark and George made a deed to Henry Tillay, dated, in the body thereof, October 17th, 1854, which conveyed the interest of Clark & George to the lot. The Court found that this last deed was not delivered until December 16th, 1854. The defendants had the title of Tillay. In October, 1857, the title of Clark and George was sold under execution against them, and a Sheriff's deed made to the plaintiff. If the deed of Clark and George, dated October 17th, 1854, was delivered when dated, then it was a conveyance made before they acquired the title under the Boyd deed, dated November 16th, 1854, and not being a deed of bargain and sale would not carry the after acquired title from the Boyd deed, but if delivered, as the Court found, December 16th, 1854, then it conveyed the

title of Clark and George acquired under the Boyd deed, and there was no title left in Clark and George to pass by the Sheriff's sale in 1857. The defendants were in possession and had judgment in the Court below and the plaintiff appealed.

The other facts are stated in the opinion.

*J. P. Treadwell,* for Appellant.

The deed that Bryant, after the execution sale against him and Sheriff's deed, made to Clarke and George is dated Nov. 23, 1853. The quitclaim deed that Clarke and George gave Tilley, is dated Oct. 17, 1854, and conveyed the title that they acquired, if any, by the deed of Nov. 23, 1853, the true title if the Sheriff's deed be void. Even as between the parties to it, this deed dated Nov. 17, though not delivered till Dec. 16, has relation to its date and speaks only as of that time. It purports merely to grant, bargain and sell all the right, title, and interest of the grantors. "All the right, title and interest that they had" when? The legal intendment of course is at the date written. A release dated Oct. 17, purporting to release A. B. from all demands would be understood to imply from this date, though not expressed; a note promising "to pay A. B. or order $1,000 in six months with interest," would be understood by everybody to be a promise to pay six months after date with interest from that time; and the deed of Oct. 17, in question purporting to grant, bargain and sell all our right, title and interest, would be just as universally understood to refer only to the right, &c., the grantors had at its date. There is nothing in the record showing that the parties had any other intention by the language they used, or that justice requires any other construction to be put upon it. But if there were, it would not avail against the appellant, who is a purchaser subsequent to the recording of this deed of Oct. 17, through which the respondents claim. Authorities bearing on the general subject more or less in point:

"A deed taketh effect by the delivery, and if the first delivery take any effect, the second is void. A jury shall be

charged to inquire of the delivery, but not of the date; yet every deed shall be intended to be made when it doth bear date. (Noy's Maxims, chap. 29, p. 77.)

"A deed ante-dated will not take effect by relation back, as against strangers, whose intermediate incumbrancers would be so defeated." (*Jackson* v. *Bard*, 4 John R. 230.)

Where the grantor signed a deed, and left it with the scrivener to be delivered to the grantee named in it after the grantor's death, it was held that the delivery made accordingly took effect by relation so as to vest the title in the lifetime of the grantor, and so good as against the heir of the grantor. (*Foster* v. *Mansfield*, 3 Met. R. 415.)

Where one of two joint tenants executed a deed of all his lands in D., and afterwards within the half year the other joint tenant died so that his moiety survived to the grantor, and after this the grantor inrolled his deed within the half year within which it was required to be inrolled by the Statute of Inrollments [whereby only it took effect]. Held that the deed took effect by relation, and did not pass the moiety subsequently acquired by the grantor by survivorship. (Viner's Abr. Deeds, K. 6.)

A deed may be delivered by words without act of delivery. (Mills & Gore, 20 Pick. 36.)

*Tilden & Wilson*, for Respondent Mary Reynolds.

The deed of Clark and George to Tillay only took effect from the date of its final execution, acknowledgment, and delivery, and the law of relation does not obtain. (*Pratt* v. *Potter*, 51 Barb. 589; *Jackson* v. *Schoonmaker*, 2 John. 232; *Jackson* v. *Bard*, 4 John. 231; *Jackson* v. *Bull*, 1 John. Cases, 90.)

By the COURT:

The conveyance to Clark and George of Boyd's title, derived to him under the Starkey Janion execution sale, was confessedly made in November, 1854. If the conveyance dated October 17th, 1854, was delivered to Tillay as lately

as December, 1854, the plaintiff derived nothing by the execution sale under his judgment against Clark and George, docketed in March, 1857. The Court below found as a fact that the deed to Tillay was delivered on the 16th of December, 1854. That the date found in the body of the deed is presumptively the date at which it was delivered, is not questioned; that this presumption, however, is not conclusive, but that the true date of delivery may be proved *aliunde*, is also clear.

The evidence of Mary Reynolds is to the effect that the deed was not delivered until the month of December, at or about the time the first certificate of acknowledgment was indorsed on the instrument, which was December 16th, 1854. The plaintiff gave no evidence to contradict that of Mary Reynolds, as to the time at which the deed was delivered, but relied wholly on the presumption arising on the face of the instrument. We certainly cannot say that this mere presumption, unaided by other proof, was, of itself, sufficient to absolutely establish the case of the plaintiff in this respect, or that the evidence for the defendants, when balanced against the presumption, did not amount to a substantial conflict.

Judgment and order denying new trial affirmed.