[No. 19574.    Department One.—July 29, 1895.]

# H. C. GORDON, Respondent, *v.* THE CITY OF SAN DIEGO, Appellant.

DEEDS—ACKNOWLEDGMENT.—A deed signed and delivered, except where a married woman is the grantor, is good, and operates to convey the title, though not acknowledged.

ID.—OBJECT OF ACKNOWLEDGMENT.—The object of acknowledgment is to entitle an instrument to be used as evidence without further proof, and to enable it to be recorded.

ID.—DELIVERY — DATE OF INSTRUMENT—STATUTORY PRESUMPTION — DECISIONS.—Under section 1055 of the Civil Code a grant duly executed is presumed to be delivered at its date, and the presumption of delivery being statutory in this state, decisions in other states as to a presumption that a deed is not delivered until after its acknowledgment are inapplicable, and, where there is no proof of the date of the delivery beyond the date of the deed and the date of filing it for record, the presumption declared by the statute must prevail.

ID.—DEED OF PUEBLO LANDS—ACTION OF CITY TRUSTEES—PAROL PROOF.— Where an election was held authorizing the sale of pueblo lands, and a resolution was passed by the board of trustees prescribing the terms upon which pueblo lands would be granted, the fact that there is no record of any official action by the board of trustees fixing the price and the particular parcel of land to be conveyed to an applicant, does not render void a deed executed by the trustees, but parol evidence is admissible to prove that the sale and deed were authorized by the board of trustees.

ID.—PAROL EVIDENCE OF FACTS OMITTED FROM RECORD.—Parol evidence is admissible to prove facts omitted from the record, unless the law expressly and imperatively requires all matters to appear of record, and makes the record the only evidence.

ID.—TENANCY IN COMMON—DEED OF PART OF TRACT BY SPECIFIC BOUNDS— RATIFICATION BY COTENANT—PARTITION BY CONSENT.—Where the trustees of a city conveyed an undivided one-half of a pueblo lot, and on the following day conveyed the west half of the same lot to another grantee, and for many years prior to the death of the first grantee the east half of the lot was assessed to him by the city, and he paid the taxes thereon, he thus assented to the conveyance of the west half as a partition of the lot, and it appearing that his wife, as administratrix of his estate, had the property inventoried as the east half of the lot, and not as an undivided half of the entire lot, the facts are sufficient to show a ratification of the deed to the city of the west half of the lot, and a partition of the lot by consent.

ID. — EVIDENCE OF RATIFICATION AND PARTITION AFTER SUIT — SUPPLEMENTAL COMPLAINT—HARMLESS ERROR.—Where there is sufficient evidence of the ratification of the conveyance by the city of the west half of the lot, and an assent to the partition of the lot, by the grantee of the undivided half, and by his administratrix before the commencement of the suit, who accepted the east half of the lot as his share, the ad-

mission of evidence under a supplemental complaint showing that since the commencement of the action the plaintiff had obtained a deed from the estate of the deceased grantee conveying the east half of the lot to him, and had subdivided it in specific lots which he had granted away, the allowing of the supplemental complaint and of evidence of the facts transpiring after the commencement of the action bearing upon the ratification and assent to a partition of the lot by the plaintiff, if erroneous, is harmless.

ID.—SUPPLEMENTAL PLEADING—NEW CAUSE OF ACTION.—If there is no cause of action when a suit is commenced the plaintiff cannot under supplemental complaint give evidence of a cause of action which accrued afterward; and, as a general rule, the right to file a supplemental complaint can be exercised only with reference to matters which may be consistent with and in aid of the case made by the original complaint, and it is not allowable to substitute a new and independent cause of action by way of supplemental complaint.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. W. L. PIERCE, Judge.

The facts are stated in the opinion.

*William H. Fuller,* and *Clarence H. Barber,* for Appellant.

The individuals who constituted the board of trustees possessed no power to sell or convey corporate property, and could bind the city only when legally assembled and acting as a board. (1 Dillon on Municipal Corporations, sec. 259; *Gashwiler* v. *Willis,* 33 Cal. 11; 91 Am. Dec. 607; *Dey* v. *Jersey City,* 19 N. J. Eq. 412; *Baltimore* v. *Poultney,* 25 Md. 18.) The mode of disposing of property of a municipal corporation is prescribed by its charter or ordinance, and no other mode can be followed. (*McCracken* v. *San Francisco,* 16 Cal. 591; *Grogan* v. *San Francisco,* 18 Cal. 590; *Pimental* v. *San Francisco,* 21 Cal. 352; *Herzo* v. *San Francisco,* 33 Cal. 134; *San Francisco etc. R. R. Co.* v. *Oakland,* 43 Cal. 503.) The recitals of the deed are only *prima facie* evidence that the trustees sold the land. (*Gordon* v. *City of San Diego,* 101 Cal. 528, 529; 40 Am. St. Rep. 73.) Proof that the officers did not meet as a board of trustees overcomes the re-

citals, and avoids the deed, and a void deed does not work an estoppel. (*Gordon* v. *City of San Diego, supra; Caffrey* v. *Dudgeon*, 38 Ind. 512; 10 Am. Rep. 126–33; *Merriam* v. *Boston etc. R. R. Co.*, 117 Mass. 241; *Bissell* v. *Spring Valley Tp.*, 110 U. S. 162; *Northern Bank* v. *Porter Tp.*, 110 U. S. 618, 619; *Merchants' Bank* v. *Bergen Co.*, 115 U. S. 384, 390.) The deed must be presumed not to have been delivered by the municipality until after it was acknowledged. (*Blanchard* v. *Tyler*, 12 Mich. 339; 86 Am. Dec. 57; *Eaton* v. *Trowbridge*, 38 Mich. 454; *Johnson* v. *Moore*, 28 Mich. 3; *County of Henry* v. *Bradshaw*, 20 Iowa, 355–62; *Loomis* v. *Pingree*, 43 Me. 299–308; *Dresel* v. *Jordan*, 104 Mass. 407–17; *Brolasky* v. *Furey*, 12 Phila. 428; *Wyckoff* v. *Remsen*, 11 Paige, 564.) Two of the trustees took no part in the acknowledgment; therefore the deed was void. (*Anthony* v. *County of Jasper*, 101 U. S. 693; *Coler* v. *Cleburne*, 131 U. S. 162.)

*Cassius Carter*, and *Withington & Carter*, for Respondent.

The date of the deed, and not of the acknowledgment, is presumed to be the date of delivery. (*Wood* v. *Owings*, 1 Cranch, 86; *Seymour* v. *Van Slyck*, 8 Wend. 405; *Speed* v. *Brooks*, 7 J. J. Marsh. 120; *Smith* v. *Porter*, 10 Gray, 66; *Darst* v. *Bates*, 51 Ill. 439; *Jayne* v. *Gregg*, 42 Ill. 413; *Ford* v. *Gregory*, 10 B. Mon. 175; *McConnell* v. *Brown*, Litt. Sel. Cas. 459; *Hardin* v. *Crate*, 78 Ill. 533; *Breckenridge* v. *Todd*, 3 T. B. Mon. 52; 16 Am. Dec. 83; *People* v. *Snyder*, 41 N. Y. 402; *Clark* v. *Akers*, 16 Kan. 166; Devlin on Deeds, sec. 265; *Treadwell* v. *Reynolds*, 47 Cal. 171; *Ward* v. *Dougherty*, 75 Cal. 243; 7 Am. St. Rep. 151; Civ. Code, sec. 1055.) The authority for the deed is shown by the evidence, and by the law of the case, settled upon the former appeal. (*Gordon* v. *City of San Diego*, 101 Cal. 522; 40 Am. St. Rep. 73.) The evidence is sufficient to show ratification of the deed to the west half of the lot, and acquiescence in the partition. (*Eaton* v. *Tallmadge*, 24 Wis. 217.)

HAYNES, C.—This is a second appeal.   Upon the
former appeal the judgment against the city was re-
versed and a new trial ordered, and upon such new trial
the plaintiff again obtained judgment.

The action is to quiet title to the east half of pueblo
lot 1215, containing about forty-five acres, situate in
said city.   For a general statement of the facts, see the
opinion rendered upon the first appeal, reported in 101
Cal. 522; 40 Am. St. Rep. 73.   Only such different or addi-
tional facts as were developed upon the second trial
need be stated here.

1. As affecting the validity of the deed to Whaley, it
is now shown that, though the deed bears date February
27, 1869, it was not acknowledged until August 21, 1869;
and at the time it was acknowledged Schiller and Sloane,
two of the trustees who were in office at the date of the
deed, and who had joined in its execution, had ceased
to be trustees.

A deed signed and delivered, except where a married
woman is the grantor, is good, and operates to convey
the title, though not acknowledged.   The object of
an acknowledgment is twofold: To entitle the instru-
ment to be used as evidence without further proof, and
to enable it to be recorded.   (Fogarty v. Finlay, 10 Cal.
239; 70 Am. Dec. 714.)   Estudillo, the president of the
board of trustees at the date of the deed, was still a trus-
tee at the time it was acknowledged, and as to him, at
least, it was properly acknowledged.   There is no ques-
tion in the case, however, which makes it necessary or
important to determine whether the acknowledgment by
the trustees, whose term of office had expired, was au-
thorized or not, and that question is therefore not con-
sidered.

It is contended by appellant, however, that the deed
was not delivered until at or after the date of its ac-
knowledgment, and that as the resolution of the trustees
adopted June 8, 1868, prescribing the "only way in
which pueblo lands will be granted," was repealed after
the date of the deed, and before the date of its acknowl-

edgment, and consequently before its delivery, that there was no power to deliver the deed; or that, if it could then have been properly delivered, it could only be done by the trustees then in office.

If the deed was delivered at its date this contention cannot avail appellant. Counsel cite authorities, however, from seven or eight sister states to the proposition that, when the date of acknowledgment is different from the date of the deed, the court must presume that the deed was not delivered until after it was acknowledged.

It is not necessary to review these cases, or to question their correctness in the several jurisdictions in which they were decided. They merely state the presumption there indulged in the absence of proof; but here the presumption is declared by statute. Section 1055 of the Civil Code is as follows: "A grant duly executed is presumed to have been delivered at its date." See, also, Treadwell v. Reynolds, 47 Cal. 171, where it was said "that the date found in the body of the deed is presumptively the date at which it was delivered is not questioned; that this presumption, however, is not conclusive, but that the true date of delivery may be proved aliunde, is also clear."

In appellant's brief it is stated: "In the case at bar there is no proof of when the Whaley deed was delivered, only that which arises from filing it for record."

There is, therefore, nothing to overcome or affect the presumption declared by the statute.

2. Appellant further contends that upon the second trial it was shown that the recitals in the Whaley deed were untrue, and that the city never sold any portion of pueblo lot 1215 to Whaley or to Babcock.

This contention is based upon the fact that the minutes of the board of trustees contain no record of the sale to Whaley, nor of any meeting of the board held at the date of the deed to him, nor of any resolution or order directing the execution of that deed.

It is not disputed that an election was duly held authorizing the sale of pueblo lands under the provisions

of the statute, and a resolution passed by the board of trustees on June 8, 1868, prescribing the way and terms upon which pueblo lands would be granted, was read in evidence.  Beyond this it does not appear that the statute or charter of the city prescribed any special action, proceeding, or formality to be observed in making sales or conveyances of these lands.  Of course, the price and the particular parcel of land to be conveyed was left to be determined whenever any one applied to purchase, and these matters required official action by the board of trustees.  It was held, upon the former appeal, that "the recitals in the deed, coupled with the law, are sufficient evidence to bind the parties and show that title passed by the deed"; the objection then being that there was no showing by the plaintiff that the city ever passed a resolution authorizing the sale or transfer of the property described in the deed—appellant then assuming that it was necessary for respondent to assume the burden of showing that such resolution was passed.  Upon the second trial it simply appeared that no such resolution appeared of record.  But parol evidence is admissible to prove facts omitted from the record unless the law expressly and imperatively requires all matters to appear of record, and makes the record the only evidence.  (Dillon on Municipal Corporations, 4th ed., sec. 300; *Bank of United States* v. *Dandridge*, 12 Wheat. 64.)

Marcus Schiller, one of the trustees who executed the deed to Whaley, was examined as a witness, and, while he had little or no recollection of this particular matter, testified to the genuineness of the signatures of all the trustees, and that, "whenever we sold a piece of property and made a deed to it, it was ordered by the board of trustees."  It is true he also testified that a record was kept of these things by the secretary; but such omission, as we have seen, does not invalidate the action of the board.  The court found " that said several deeds and the execution thereof were authorized by the defendant," and this finding, I think, is fully justified by the evidence.

3. The deed to Whaley, through whom plaintiffs claim, was executed February 27, 1869, and purported to convey "the undivided one-half" of pueblo lot No. 1,215. On the next day after the execution and delivery of said deed to Whaley, the city, by the same trustees, conveyed to one Babcock "the west half of the same pueblo lot." Babcock's deed was first recorded.

It is claimed by respondents, as it was upon the former appeal, that, by the execution and delivery of the deed to Whaley, he and the city became tenants in common of said lot 1215; that by the conveyance to Babcock the city in effect made a partition of said lot, which, though not binding upon him, Whaley was at liberty to accept under or in analogy to section 764 of the Code of Civil Procedure, which is quoted in the former opinion of Gordon v. City of San Diego, 101 Cal. 530; 40 Am. St. Rep. 79, where also several authorities are cited. Following these citations it was said: "All the authorities are to the effect that a sale by a tenant in common by specific bounds of a portion of the land in common is not binding upon his cotenant unless ratified by him. I fail to find in the record any evidence of ratification by Whaley, or those holding under him"; and upon that ground alone the former judgment was reversed.

Upon the first trial the deeds to Whaley and Babcock, respectively, were put in evidence, and it was stipulated at the trial "that the plaintiff in this action succeeds by proper mesne conveyances to any title or interest in and to said pueblo lot No. 1215 which was conveyed to Thomas Whaley by the deed dated February 27, 1869."

Upon the second trial plaintiff obtained leave to file a supplemental complaint, in which it was alleged, among other things, that since the commencement of the action the plaintiff had obtained from the estate of Thomas Whaley, deceased, a deed dated September 17, 1892, conveying to the plaintiff the east half of said pueblo lot, and that plaintiff had subdivided said east half into

specific lots; and by a subsequent amendment it was alleged that the plaintiff, Gordon, had conveyed one of the four lots into which said east half of the pueblo lot had been subdivided to Flora R. Young, and the other three to Cassius Carter, who were then the owners of said property, and who were substituted as plaintiffs in the action.

The defendant's demurrer to the supplemental complaint was properly overruled. It was a general demurrer, and all the allegations necessary to be stated in a complaint, in an action to quiet title, were repeated therein.

The defendant then answered and put in issue, by specific denials, each and every of the allegations of the supplemental complaint.

Instead of relying upon the stipulation, which upon the first trial was the only evidence of plaintiff's title and which showed no act of ratification by Whaley, or his successors in interest, in the partition claimed to have been effected by the conveyance of the entire west half of the lot to Babcock, it was shown upon the second trial that in 1886 the taxes on the east half of said pueblo lot 1,215 were paid by T. E. Whaley; in 1887 said east half was assessed to Francis E. Whaley, and the taxes were paid by Whaley and Dalton; in 1888 the said east half was assessed to T. F. Whaley and paid; in 1889 and 1890 it was assessed to Thomas Whaley, and he paid the taxes; and in 1891 it was assessed to the estate of Thomas Whaley. All these assessments were upon the east half of said lot, and said taxes were paid to the city.

Thomas Whaley, the original grantee of the city, died without having made any conveyance of said east half, or of any interest in said pueblo lot. After his death his widow was appointed administratrix of his estate, and in the inventory, which was filed before any conveyance to Gordon, the interest of the estate in said pueblo lot 1215 was described as the east half thereof; and by the same description proceedings were afterward taken by her, in probate, to sell the same, and by

the same description said premises were afterward sold and conveyed to plaintiff Gordon under said proceedings.

Appellant does not contend that plaintiff did not, at the commencement of the action, have all the title Whaley ever had, but contends that Whaley never had any title for the reasons hereinbefore stated; or that, if he had any title or interest in the east half of said pueblo lot, it was only of the undivided half of said east half; and that the court erred in admitting evidence of facts transpiring after the commencement of the action. It is true that, if there was no cause of action at the time the suit was commenced, the plaintiff could not, under a supplemental complaint, give evidence of a cause of action which accrued afterward. In *Gleason* v. *Gleason,* 54 Cal. 135, it was said that, as a general rule, the right to file a supplemental complaint can be exercised only with reference to matters which may be consistent with and in aid of the case made by the original complaint, and it is not allowable to substitute a new and independent cause of action by way of a supplemental complaint. (See, also, *Jacob* v. *Lorenz,* 98 Cal. 332, 337.)

If there were any question as to the correctness of the rulings of the court in admitting in evidence matters occurring after the suit was commenced, inasmuch as for many years prior to the death of Thomas Whaley the east half of said pueblo lot was assessed to him by the city, that he paid the taxes thereon, thus assenting to the conveyance to Babcock as a partition of said lot; that his wife, who must be presumed to have been familiar with the manner in which her husband had treated the property up to the time of his death, described said property in the inventory filed by her as administratrix as the east half of said lot, and not as an undivided half of the entire lot, are quite sufficient to sustain the findings and judgment; and, that being true, even if the court erred in admitting the evidence touching occurrences after suit began, such error would be harmless.

The judgment and order appealed from should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.