## GERKE v. CAMERON et al.

### S. F. No. 785; September 15, 1897.

#### 50 Pac. 434.

**Deeds—Delivery—Presumption.**—Proof That the Consideration for a deed was not paid is not alone sufficient to rebut the presumption under Civil Code, section 1055, that a grant duly executed is delivered at its date.

**Partition—Validity of Sale—Estoppel.**—After a Sale in Partition of devised land, the bidder refused to pay his bid, whereupon, as agreed between plaintiff devisee and the other devisees, a deed was executed by the referee to said bidder, who conveyed the property to plaintiff and certain devisees, accepting the same in lieu of money from the estate, and devisees who received no part of the land were paid so much more money. Held, that plaintiff was estopped to impeach the transactions on the ground that the referee had no authority to make the deed without the receipt of the amount of the bid.

**Partition—Attack on Referee's Deed in Subsequent Partition.**— And where plaintiff thereafter obtained conveyances from all the devisees except defendant, without any additional consideration, the referee's deed, if invalid, could not be assailed on a subsequent partition suit by plaintiff, unless she tendered to defendant the money which he would have received from the estate, and in lieu of which he had accepted an additional interest in said land.

APPEAL from Superior Court, City and County of San Francisco; D. J. Murphy, Judge.

Action by Nellie W. Gerke against James H. Cameron and others. From the judgment defendant George T. Cameron appeals. Reversed.

Blake & Harrison and Blake, Williams & Harrison for appellant; Freeman & Bates for respondent.

SEARLS, C.—This action was brought for the partition of a lot of land in the city and county of San Francisco. Plaintiff prays that she be decreed to be the owner of the undivided three-fourths of said property, and each of the defendants James H. Cameron and George T. Cameron to be the owner of an undivided one-eighth thereof; that certain conveyances to and by one A. Steinberger be disregarded and held for naught; that the property be sold at public auction; that from the proceeds a note and mortgage on the property to the Humboldt Savings and Loan Society, a mortgage in favor of one Kuss, and a claim of Montague & Co., be paid and satisfied, etc.; and that the residue of the proceeds be divided between the parties in the proportions of their several interests. The court found in favor of the ownership by plaintiff of three-fourths of the property, and that, during the pendency of the action, plaintiff had purchased all the interest of the defendant James H. Cameron in the property, and decreed her to be the owner of seven-eighths of the property, and defendant George T. Cameron to be the owner of an undivided one-eighth thereof. The property was ordered to be sold by a referee agreed upon, and the proceeds to be divided in the foregoing proportions. The question of an accounting was reserved for the final decree. The defendant George T. Cameron appeals from an order denying his motion for a new trial. The cause comes up on a statement of the proceedings had at the trial.

Certain facts are admitted by the pleadings, or are established without material contradiction by the evidence. Among these, and as essential to a correct understanding of the questions involved, are the following: Henry Gerke died testate on the twenty-second day of April, 1882, being seised of the property here in dispute, and certain personal property and securities, of the aggregate value of, say, $26,191.24. This property was devised and bequeathed as follows: To each of his three surviving daughters, the plaintiff, Nellie W. Gerke, Carrie Hamlin and Lillie H. Townley, one-fourth of said estate, and to James H. Cameron and George T. Cameron, sons of a deceased daughter, the remaining fourth, or one-eighth to each. J. S. Cameron was the duly appointed and qualified executor of the last will of said Henry Gerke, deceased, and, as said executor, reduced the estate, except the property here in dispute, and some lots in Butte county, of little value, to cash. Pursuant to an arrangement among all the parties

interested, and that it might be sold and turned into money, to divide the estate, a partial decree of distribution was had on the 28th of March, 1885, whereby the property here in question was distributed, one-fourth to each of the three sisters aforesaid, and one-eighth to each of the Cameron devisees. An action in partition was brought August 11, 1885, by the plaintiff herein, in which she claimed to own three-fourths of the lot here in dispute, and that the Cameron devisees owned each one-eighth part thereof. Plaintiff averred that Lillie H. Townley and Carrie Hamlin had conveyed their interests to her. Said Lillie H. Townley and Carrie Hamlin intervened in the action, and set out that their conveyances to the plaintiff herein were in trust for them, and made solely to expedite the sale of said premises, and the settlement of the estate of Henry Gerke, deceased. The plaintiff herein answered the complaints in intervention, and admitted that she held the one-half aforesaid in trust for the interveners. An interlocutory decree was entered in said cause March 25, 1887, in which it was decreed that plaintiff herein owned three-fourths of the premises, and the Camerons one-fourth thereof, and ordering a sale thereof, the proceeds to be paid into court. The decree recites that "the said parties having stipulated in writing as to the disposition of the proceeds of such sale by the order of the court, according to the terms of said stipulation." A referee was appointed to make a sale of the property, who on July 18, 1887, filed his report, showing a sale thereof to A. Steinberger for $11,000; and on September 21, 1887, the court made an order confirming the sale, and "directing the referee to execute a deed to said Steinberger upon payment by him of the purchase price." Steinberger had deposited a check for ten per cent of the purchase price, but afterward objected to the title, and never paid the residue of the purchase money, and his check for the ten per cent deposit was returned to him. Here we reach the first and only material conflict in the testimony.

The theory of the appellant is that, for the purpose of settling up and dividing the estate, it was agreed, and that plaintiff agreed, to take a conveyance of four-tenths of the property in dispute for $4,603.56, in lieu of cash, and that the appellant and his brother, James H. Cameron, agreed to take a conveyance of three-tenths thereof, each, in lieu of $3,274.28 in cash to each, and in full for their interests in the

estate; that Carrie Hamlin and Lillie H. Townley agreed thereto, and thereupon the referee conveyed the property to Steinberger for the averred consideration of $11,000, and he in return conveyed the property to plaintiff herein, and to the appellant and his brother, by a deed of conveyance, in the proportion of four-tenths to the former and three-tenths to each of the latter; that the residue of the estate, which was then in cash, except the lots in Butte county, was divided, Carrie Hamlin and Lillie H. Townley receiving $6,548.56 each in cash, the plaintiff herein $1,945 in cash, and her interest in the land herein in dispute, at $4,603.56, thus equaling $6,548.-56, and the defendant and his brother three-tenths each of the land in dispute, at $3,274.28 each, which equaled, when united, $6,548.56, or one-fourth of the estate to which they were entitled between them; and that the estate was thus divided. Respondent, on the other hand, and the court below found as facts: (1) That plaintiff never recognized or agreed to the sale of the property in dispute to A. Steinberger. (2) That no agreement was made by plaintiff and Lillie H. Townley and Carrie Hamlin, or either of them, that the referee, Chesley K. Bonestell, should convey the property described in the complaint to A. Steinberger, and that the latter should reconvey the same to the plaintiff and the defendants James H. Cameron and George T. Cameron in payment of sums due them from the executor of the estate of Henry Gerke, deceased, or from the said estate. The court also found that certain allegations of the complaint were true, among which was one to the effect that the deed to A. Steinberger of the lot in question was never delivered. These findings are assailed by appellant as being contrary to the evidence, and as being unsupported by the evidence. After a patient review of the testimony, we are of opinion the findings in question are unsupported by the testimony, and should not be permitted to stand.

1. The deed from C. K. Bonestell, sole referee, to A. Steinberger, which is dated April 2, 1888, and acknowledged April 3, 1888, and duly recorded May 2, 1888, recites a consideration of $11,000, purports to convey the property described in the complaint under and pursuant to the interlocutory decree in the former action of partition, is regular in form and duly executed. It was presented by defendant George T. Cameron, and admitted in evidence without objection. Under section

1055 of the Civil Code, it "is presumed to have been delivered at its date": Ward v. Dougherty, 75 Cal. 240, 7 Am. St. Rep. 151, 17 Pac. 193; Treadwell v. Reynolds, 47 Cal. 171; Gordon v. City of San Diego, 108 Cal. 268, 41 Pac. 301. The presumption of delivery is not rebutted. The only other evidence on the subject is that of J. S. Cameron, the executor of the will, and that of the plaintiff. The former only mentioned the deed in a general way, by saying, in speaking of the distribution of the estate, "depending upon this exchange of deeds of the real estate as a valid transaction." Plaintiff, who was called as a witness on behalf of defendant, when questioned on the subject, said: "I don't know whether or not Mr. Bonestell, the referee in that action, ever delivered the deed to Mr. Steinberger. I never understood the sale was consummated. What I mean by that is this: He did not actually pay the $11,000. I have no other ground for believing that the deed was not delivered. I knew at the time the deed was made to Mr. Steinberger, and the deed back was made by him, that his deed conveyed to me four-tenths of the property." On cross-examination by her own counsel she said the sale to Steinberger was not consummated, to her knowledge, that the amount of the bid was not paid by Steinberger, and that the check which he gave as a deposit on the sale was not cashed, but was returned to him. When again examined in chief she said: "When I say that this sale wasn't consummated, I mean that Mr. Steinberger didn't pay the $11,000. That is all I mean by that." This testimony failed to rebut the presumption of delivery of the deed.

2. Did the plaintiff and her colegatees all agree to the conveyance of the property to Steinberger, and his conveyance to the plaintiff and the two defendants, Cameron, in the proportion of four-tenths to the former and three-tenths to each of the latter, and did they settle the estate on that basis, receiving the property in lieu of cash, estimating its value at $11,000? That a deed from Steinberger to plaintiff and the two Camerons, executed on the day after the deed from the referee to the former, viz., April 3, 1888, and duly acknowledged and recorded, was delivered to the grantees therein named, conveying four-tenths of the property to plaintiff and three-tenths thereof to each of the Camerons, is admitted by the complaint and verified by the evidence. Dr. Cameron, the executor, testifies that the estate was settled up; that, as executor, he paid Lillie H. Townley and Carrie Hamlin

$6,548.56 each in cash (one-quarter of the estate to each) ; to the plaintiff herein, $1,945 in cash and $4,603.56 in real estate, which, as will be seen, aggregates $6,548.56; and to James H. and George T. Cameron, $3,274.28 each in real estate, aggregating $6,548.56, or one-fourth of the estate—and that such settlement was made on the basis of these conveyances.   The plaintiff, as a witness, it is true, says the sale to Steinberger was never carried out, but, when pressed for a reason, says the $11,000 was never paid by him; that she was not satisfied with the settlement, and, when asked why, replied that it was because more money was not coming, and gave as a cause that investments had not materialized, etc.; in short, she insisted the whole thing was void because the $11,000 was not paid. She testified further as to the $4,603.56 received by her in land as follows: ''This latter sum was not paid to me in money. The deed under which I was to take four-tenths of the property was made in payment of that $4,603.56 at that time, and was, as a matter of fact, accepted by me in such payment.'' And again: ''So far as the real property in San Francisco is concerned, I was to take four-tenths of it, with other things; and at that time I had a perfect understanding of the division of this property into tenths, and had no objection to that part of it.''   Again, speaking of the settlement, she says: ''The deed conveying four-tenths of this property to me and three-tenths to each of the defendants was made pursuant to, and as a part of, that settlement.   The $4,603.56 specified in the receipt [hereinafter set out] was paid by the four-tenths of the property.   I suppose I understood it so at the time I signed the paper.''   The paper referred to is one without date, but was executed, as plaintiff says, at a meeting at the office of her attorney, at which she was present, at or about the date of the deeds.   Defendants were represented by their guardian, and Carrie Hamlin and Lillie H. Townley by their attorney in fact, James W. Oates, who was shown to hold general powers of attorney from each of them.   It is as follows:

''In the Superior Court in and for Tehama County, State of California.

''In the Matter of the Estate of HENRY GERKE, Deceased.

''Whereas, in the course of administration in the above-entitled estate and matter, the executor has paid out to the devisees under the will therein certain sums of money on ac-  ·

count of their distributive shares of said estate; and whereas, for the purpose of reducing to money, by sale, the property situated in the city and county of San Francisco, and inventoried as a part of said estate, the devisees, Carrie Hamlin and Lillie H. Townley, conveyed their interest herein to Nellie W. Gerke and James H. Cameron and George T. Cameron, also devisees under the will, in trust, however, to hold said interests for the benefit of said Carrie Hamlin and Lillie H. Townley; and whereas, pursuant to said purpose, proceedings were had in the superior court of the city and county of San Francisco, state of California, for the partition and sale of said property, resulting in an order of sale; and whereas, the said property was sold for the sum of $11,000 under said order of sale; and whereas, there remains undisposed of as residue of said estate, no property save and except certain town lots situated in Butte county, state of California, and inventoried at the sum of $450: Now, therefore, this is to certify that the executor of said estate has paid to us on account of our respective distributive shares in said estate the sums following, to wit: To Carrie Hamlin, the sum of $5,788.77, as shown by the executor's accounts, and the further sum of $759.79, through the hands of her attorney, James W. Oates; to Lillie H. Townley, the sum of $3,473.10, as shown by the executor's accounts, and the further sum of $3,075.46 through the hands of said James W. Oates; to Nellie W. Gerke, the sum of $1,945, as shown by the executor's account, and the further sum, by the hands of the executor, of $4,603.56; to James H. Cameron, through the hands of the executor, the sum of $3,274.28; to George T. Cameron through the hands of the executor, the sum of $3,274.28. And we certify, each for himself or herself, that payment in full of all interest in said estate, held, claimed, or to be claimed by us, or either of us, has been made, except as to said lots in town of Dayton.

"CARRIE HAMLIN,
"By JAMES W. OATES,
"Her Attorney in Fact.
"LILLIE H. TOWNLEY,
"By JAMES W. OATES,
"Her Attorney in Fact.
"NELLIE W. GERKE,
"JAMES S. CAMERON,
"Guardian of the Persons and Estates of James H. Cameron and George T. Cameron."

The evidence further shows that, after the execution of these deeds, plaintiff and appellant entered into possession of the premises, living together in the dwelling-house thereon, that appellant claimed to be the owner of three-tenths of the property, that plaintiff never objected to such claim, and that appellant never knew that his interest to the extent of three-tenths was disputed until this action was brought. It further appeared that on the 13th of December, 1892, the plaintiff and James H. Cameron mortgaged to the Humboldt Savings and Loan Society the undivided seven-tenths of the premises, which was the exact interest held by them under the Steinberger deed, but a greater interest than was then vested in them if such deed was inoperative. In other words, according to plaintiff's theory, at the date of the mortgage she owned one-quarter of the property, and James H. Cameron one-eighth thereof, making three-eighths in all.

In the face of all this evidence, it is absurd to say that the parties, or any of them, failed to assent to the distribution of the property and to the conveyances. The assent of Carrie Hamlin and Lillie H. Townley was emphasized by their receiving $6,548.56, or one-quarter of the whole estate, each— a sum greatly in excess of that to which they would have been entitled had they still retained their one-quarter interests in the land in question. Plaintiff assented by accepting the deed to three-tenths of the land, and the residue of her one-fourth interest in cash. It is true that under the order of the court the referee was only authorized to execute the deed to Steinberger upon the payment of $11,000, but, if all the parties in interest agreed so to do, they could receive as cash the very land which was sold. This was precisely what they did, and having received the land as so much cash, and settled the matter on that basis, they are estopped from now saying, to the detriment of those who without fault would suffer therefrom, that the sale was invalid, and that the deed was executed without authority. Again, let us suppose that the Steinberger deed was without authority and void. The sisters of the plaintiff, who each held a one-fourth interest in this land, received each her one-fourth interest in the estate in cash, upon the mistaken assumption that their coheirs would be equally compensated by receiving title to the land. Their equitable interest at least passed to the land, leaving in them only the naked legal title. In 1894 they transferred this legal title to the plaintiff, who pays no consideration therefor, and takes

with full notice of all the facts. Under such circumstances a court of equity can only do one of two things, viz., compel the plaintiff to refund to appellant his just proportion of the money paid to the other legatees, or to compel a conveyance of the legal title to appellant of the share or interest in the land which he took in good faith in lieu of cash. Instead of offering to do one or the other of these things, plaintiff, under such circumstances, comes into a court of equity (actions for partition are in the nature of equitable actions) and asks that she may be decreed to be the owner of three-fourths of the property, and that, too, without compensating appellant for the loss of one-half of that which was bequeathed to him, and which, if she succeeds, she will hold, to her benefit and his loss. We recommend that the order denying a new trial be reversed and a new trial ordered.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order denying a new trial is reversed and a new trial ordered.