[Department One. — June 14, 1883.]
## JOHN B. BOYD, RESPONDENT, v. O. M. SLAYBACK
### ET AL., APPELLANTS.

EVIDENCE — PRESUMPTION — DEED. — No legal presumption of the delivery of a deed arises from the signing and acknowledgment. The party claiming under it must prove its delivery.

APPEAL — The *manner* of this appeal disapproved.

APPEAL from a judgment of the Superior Court of San Diego County.

The action was brought against Robert Taggart, a minor, and against O. M. Slayback, as administrator of the estate of Mary B. Taggart, and as guardian of Robert Taggart, to quiet title to certain lands alleged to have been sold to the plaintiff by Mary B. Taggart. The plaintiff alleged that some time subsequent to the execution and delivery of the deeds to him, by which the lands were conveyed, they were left at the residence of Mrs. Taggart in a tin box, and that after her death it was discovered that the deeds had been abstracted. The defendant denied the execution and delivery. The deeds were not recorded.

The other facts appear in the opinion of the court.

*Chase, Arnold & Hunsacker*, and *Graves & Chapman*, for Appellants.

*Brunson & Wells, M. A. Luce*, and *Will M. Smith*, for Respondent.

PER CURIAM. — We cannot approve of the *manner* of this appeal. It is from a judgment of the 29th of June, 1882, and the notice of appeal is dated the *twenty-eighth* of June, 1882. To the proposed bill of exceptions, signed by attorneys for defendants, is subjoined : "Plaintiff also asks that the foregoing amendments be considered and allowed by the court." (Signed by plaintiff's attorneys.) Immediately below the signatures of plaintiff's attorneys follows a certificate of the judge as follows : "The foregoing amendments are allowed, and the proposed statement of defendants, *as so amended*, is hereby settled as correct." Respondent has not objected, however, that the state-

ment, as amended, does not appear to have been engrossed, nor that the "amendments" proposed and allowed have not been brought here.

We may add, there is nothing in the record, except her own admission, to show that O. M. Slayback was the *guardian* of the infant defendant, and nothing to show that the infant was ever served with summons.

The judgment must be reversed for error in the charge to the jury. The court below charged: "A grant, duly executed, is presumed to have been delivered; therefore, if you find from the evidence that Mrs. Taggart actually signed and acknowledged the deeds in question, the law will presume that they were duly delivered, and in order to defeat this presumption, the party disputing the delivery must show, by preponderance of proof, that there was no delivery."

This was error. A deed takes effect only from the time of its delivery. Without delivery of a deed it is void. No title will pass without delivery. (23 Cal. 528; 30 Cal. 208; 32 Cal. 610.) It is for the party claiming under a deed to prove its delivery. Sometimes slight evidence will be sufficient to support a finding of delivery, but no legal presumption of delivery arises from the mere fact that the instrument is "signed." The acknowledgment only proves that it was signed.

Judgment reversed and cause remanded for a new trial.