[Civ. No. 1651.   Second Appellate District.—April 19, 1917.]

## CHARLOTTE WORTHLEY, Respondent, v. H. E. WORTHLEY, Appellant.

QUIETING TITLE—EXECUTION OF DEED—INCONSISTENT FINDINGS.—In an action to quiet title a finding that the plaintiff "executed" a deed to the property is inconsistent with a finding that it was understood that the deed should not be delivered until her last illness, as the term "executed" includes delivery under section 1933 of the Code of Civil Procedure.

ID.—DEED FROM MOTHER TO SON—FRAUDULENT REPRESENTATIONS—UNSUPPORTED FINDINGS.—A finding that a deed made by a mother to

her son was procured by the latter's false representations that the former should have a life estate in the property, and that she would not lose her interest therein, is not supported by her testimony that she delivered the deed because she was ill and afraid of him, where she also testified that he was to have the property after her death, and it appeared from other evidence that the son had contributed a part of the purchase price.

APPEAL from a judgment of the Superior Court of the County of Los Angeles, and from an order denying a new trial. John M. York, Judge.

The facts are stated in the opinion of the court.

E. Hardesty, for Appellant.

George S. Richardson, for Respondent.

JAMES, J.—Appeal by the defendant from a judgment in favor of the plaintiff, and from an order denying a motion for new trial. This is an action by plaintiff against the defendant, who is her son, by which a decree was sought quieting a fee title in the plaintiff as to a certain lot of land located in the city of Los Angeles. It was alleged that plaintiff, in March, 1911, made a deed whereby it was proposed to pass title to her son, but that it was understood that the deed was not to be delivered until the plaintiff's last sickness. It was further alleged that in October, 1912, the defendant demanded of the plaintiff that she deliver the deed to him, and that in order to induce her to make delivery he "offered and represented that she would have a life estate in said property, and that she would not lose her interest in said property." The further allegation appears to the effect that the representations made were false and fraudulent and made with the intent and for the purpose of defrauding the plaintiff; and that in June, 1913, contrary to the representations so made, the defendant ejected the plaintiff from the dwelling-house on the premises and compelled her "to live in a shed on the rear of said premises." "That said defendant now threatens to sell and transfer said property to another and thereby deprive plaintiff of her right in said property." The court made findings in accordance with the allegations of the complaint as to the circumstances under which the delivery

of the deed was made, and further determined that the plaintiff held a life estate in the property. The finding, which follows one of the allegations of the complaint, that in the month of March, 1911, the plaintiff "executed her deed in the above described property to the defendant H. E. Worthley," is inconsistent with the further finding, which also agrees with the allegation in that portion of the complaint referred to, "that it was understood and agreed between said parties that the said deed should not be delivered until plaintiff's last-sickness." The term "executed" includes delivery. (Code Civ. Proc., sec. 1933.) There was no testimony given by the plaintiff which is sufficient to support the finding that the deed was obtained by reason of the alleged false representations and promises. The plaintiff testified that at the time she delivered the deed (which had been prepared some time prior thereto), the defendant, her son, demanded the deed of her, said that he would have it; that she was ill at the time and afraid of him, and that when she delivered it she was "afraid" that she would not have her home left to her. The trial judge, as shown by the reporter's transcript, appreciated this condition of the evidence, when he said, addressing plaintiff's counsel: " . . . She says she was afraid of him. If she had confidence in him, she would never be afraid of him." Under the evidence it was quite clear that a considerable part of the purchase price of the lot had been contributed by the defendant, although the title to same had been taken in the name of his mother. The mother admitted that the intention was that her son should have the property at her demise, but that she was to have "a home" while she lived. The circumstances of the case were hardly such as would indicate that the mother was making a gift of the entire estate to her son, and we think the circumstances were not such as to impress upon the transaction the presumption of fraud. (*Soberanes* v. *Soberanes*, 97 Cal. 140, [31 Pac. 910].) The chief obstacle which we find in the way of affirming the judgment is that the evidence, as addressed to the main charge of fraud relied upon, does not support the allegations in the complaint nor the findings made by the court.

We have not had the aid of any briefs from either party, but from an examination of the record we are convinced that a new trial should be had.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.