[Civ. No. 3550. Third Appellate District.—September 28, 1928.]

A. E. STRATTON, Appellant, v. MOUNTAIN VIEW WATER COMPANY (a Corporation), Respondent.

Fall & Fall, Jesse L. Morain and Roland Rich Woolley for Appellant.

Leonard, Surr & Hellyer and E. H. Joliffe for Respondent.

WEYAND, J., *pro tem.*—The present action is one brought by appellant A. E. Stratton against the Mountain View Water Company, a corporation, to quiet title to a tract of land in the county of San Bernardino. In addition to the usual allegations of such a complaint, appellant alleged that the defendant company entered in and upon her lands, without right, and that it is "wrongfully operating a well thereon and conducting and removing a large quantity of water daily from said land by means of pumps and other machinery."

By its answer the defendant Water Company denies that plaintiff is the owner of said lands to the exclusion of defendant, and by proper allegations sets up its claim of right to "develop, collect and take any and all water" on, in or under said lands. The defendant further avers that it is a mutual water company, and for more than twenty-five years last past had served its stockholders with irrigation water; which said water is used to irrigate citrus fruits on the lands of said stockholders, and it has expended large sums of money to develop an adequate water system and water supply for their use and benefit.

Defendant further specifically alleges that by a certain deed dated November 7, 1896, it purchased from the Sycamore Water Development Company the water right on, in and under the said lands, and defendant further pleads an estoppel by an open and notorious user of waters from these lands since November, 1896, under a claim of right, and because they have expended said large sums in the development of water thereon.

On the issues thus presented trial was had and judgment was rendered for the defendant company; the judgment of the trial court being, in part, as follows:

"That the defendant, Mountain View Water Company, is the owner of the sole, exclusive and perpetual right to develop, collect and take any and all water that is now, or hereafter may be on, in or under the real property described . . . and that in the exercise of said right, said defendant is entitled, and owns the right to bore wells, run tunnels, lay pipe lines, dig ditches, and do anything reasonable and proper for developing, collecting and taking water from said real property, all of which rights are paramount to any right of the plaintiff, in said real property."

While the record of the testimony is quite voluminous, and some conflict exists upon some points, we see no necessity to relate all the details of the entire controversy, under the circumstances hereinafter stated.

To complete plaintiff's chain of title she introduced "Exhibit 8," which purported to be a deed of the Sycamore Water Development Company, to one Allie Thompson. This deed, on its face, was dated May 13, 1896, and described the land in question. The certificate of the notary public attached thereto, however, disclosed that it was not acknowledged until December 13, 1905, over nine years after the date named on the face of said deed. It was signed by one B. K. Brant, president, and Archie Thompson, secretary, of the said Sycamore Water Development Company. The grantee therein named, Allie Thompson, was the wife of said Archie Thompson. This deed was recorded December 13, 1905.

The attorney for plaintiff, on presentation of this deed, said to the court: "In passing we can say that the entire controversy resolves itself around this deed." As we view this record we fully agree with that statement of appellant's counsel.

The defendant, Mountain View Water Company, introduced in evidence a deed dated November 7, 1896, which said deed was designated as defendant's "Exhibit B" and whereby the right to develop and take any and all waters on, in or under the lands here in suit were conveyed to the said defendant herein. This deed was certified by a notary on November 7, 1896, and was recorded on November 14, 1896. This deed was, in like manner, signed by B. K. Brant and Archie Thompson, president and secretary of the said Sycamore Company.

To the introduction of this deed plaintiff objected as irrelevant and immaterial. ■ The point is made in the argument of appellant that as plaintiff's deed, "Exhibit 8," antedates the defendant's "Exhibit B," that therefore defendant's exhibit is objectionable as proving any right or title in defendant.

Many cases are cited by appellant, and there is much discussion as to the meaning and operation of section 1963 of the Code of Civil Procedure; subdivisions 23 and 39, section 1055 of the Civil Code; section 1961 of the

Code of Civil Procedure; section 1614 of the Civil Code; section 1615 of the Civil Code, and section 1951 of the Code of Civil Procedure.

In the present case the trial court properly received the testimony of F. W. Hart, who was the notary public who took the acknowledgment of B. K. Brant, president of the Sycamore Water Development Company, and of Archie Thompson, the secretary of said company, which testimony was direct and positive to the effect that said Brant signed the deed, "Exhibit 8," on December 13, 1905, in his presence. Allie Thompson, the grantee named in "Exhibit 8," testified that the said deed was dated May 13, 1896, and was then delivered to her, signed.

The records of the Sycamore Water Development Company failed to disclose any resolution of the directors of that company authorizing the execution of such a transfer. The records of said last-named company, however, disclosed a resolution granting authority to make the transfer to defendant herein. The minutes of the defendant company disclose that on October 9, 1896, the said Archie Thompson, husband of Allie Thompson, duly moved the adoption of a resolution directing the purchase of sundry water rights, including those relating to the land here in question.

We should here state that plaintiff's proof disclosed that on November 20, 1905, Allie Thompson and Archie Thompson, her husband, by a grant deed, conveyed to one Samuel Baer the lands in question, and which grant was with a reservation worded as follows: "Subject to the rights of various parties to take water from said land as deeded by Sycamore Water Development Company."

As we view the controversy, there is nothing in the code sections cited that should preclude the testimony offered by defendant.

The presumptions enumerated in section 1963 of the Code of Civil Procedure, are disputable. Section 1055 of the Civil Code, clothes an instrument with the presumption that it was delivered at its date. Nowhere is there assertion that this presumption is conclusive. Sections 1614 and 1615 of the Civil Code relate to consideration alone, and in nowise affect the situation here presented.

We dislike to recount what we think may have impelled the trial court to regard the deed "Exhibit 8" as being

questionable in many respects. Giving it all other *indicia* of fairness, yet its execution was not according to the due and usual practice in the execution of deeds. To allow a deed to remain in obscurity for over nine years before obtaining its acknowledgment before a notary public is wholly unusual and out of the ordinary practice. Archie Thompson was the husband of Allie Thompson and was, as she testified, her personal agent and manager. On October 9, 1896, he, as director of defendant, moved the purchase by the defendant of the water rights in the said land, of and from the Sycamore Company. Again, the court may have placed implicit confidence in the apparently probable testimony of the notary, F. W. Hart.

The trial court heard the witnesses and made its decision on what, at most, was a conflict in the testimony. We are not at liberty to disturb its findings, unless there are legal grounds for so doing, and we can see no reason to disturb the findings and judgment of the lower court.

The judgment of the trial court is affirmed.

Hart, J., and Finch, P. J., concurred.