[Civ. No. 4015.   Third Appellate District.—February 8, 1930.]

AGNEDA E. LAMPLE, as Administratrix, etc., Respondent, v. DONALD McDOUGALL, as Administrator, etc., Appellant.

Eric Lyders and C. H. S. Bidwell for Appellant.

Irving D. Gibson for Respondent.

FINCH, P. J.—This is an action to quiet title to twenty acres of land. The complaint also states a cause of action for the recovery of money, but the court granted a nonsuit as to that cause of action and it need not be further considered. Judgment was entered quieting plaintiff's title to the land and the defendant has appealed.

The plaintiff sues as the administratrix with will annexed of the estate of Peter Paulson, deceased. The defendant is the administrator of the estate of Trena Paulson, deceased.

The decedents were husband and wife. The land in suit was the separate property of the husband. October 9, 1912, he executed the will referred to, devising and bequeathing all his property to his wife. November 24, 1919, Peter Paulson signed and acknowledged a deed purporting to convey the land to his wife "in consideration of love and affection." February 11, 1921, he rented a safe deposit box at a bank, giving instructions that no one was to have access thereto but "just himself." March 23, 1922, he died. The deed was in this safe deposit box at the time of his death. Trena Paulson did not file the will for probate, but caused the deed to be duly recorded April 3, 1922. She held possession of the land and exercised dominion over it until May 14, 1925, when she died intestate. It appears that neither the husband nor the wife left any surviving children, but that fact is immaterial in this case. That is a question to be determined in the administration of their respective estates. The only issue of fact in this case is whether the deed referred to was ever delivered by Peter Paulson to his wife.

Appellant relies on section 1055 of the Civil Code, which reads as follows: "A grant duly executed is presumed to have been delivered at its date." There is a conflict in the decisions as to whether the presumption mentioned in that section relates to the fact of delivery or merely to the time of delivery after the fact of delivery has been proved. For the purposes of this opinion it may be conceded that the presumption relates to the fact of delivery as well as to the time of delivery. "Where a deed which has been duly executed and acknowledged is subsequently found in the possession of the grantor, a presumption arises that it was never delivered, and the burden of proof rests upon the party claiming under the deed. The rule applies where a deed is found among the papers of the grantor after his death." (18 C. J. 417; *Tweedale* v. *Barnett,* 172 Cal. 271, 275 [156 Pac. 483]; *Donahue* v. *Sweeny,* 171 Cal. 388, 390 [153 Pac. 708]; *City Lumber Co.* v. *Brown,* 46 Cal. App. 603, 606 [189 Pac. 830].) The defendant called a witness to prove that Peter Paulson stated, subsequent to the date of the deed, that he had conveyed the land to his wife. The only rational inference, however, from the conflicting statements of the witness is that the husband, in the language of the witness, "wanted her to have the property," but did

not say he had conveyed it to her. Up to the time of his death he managed the property as his own and it does not appear that his wife had any voice in the control thereof. The evidence fully supports the implied finding that the deed was never delivered.

The answer alleges that the plaintiff's cause of action is barred by laches. This contention is based upon the erroneous theory that the heirs of Peter Paulson, at all times since his death, could have maintained an action to have it adjudged that the deed was never delivered. If such heirs succeed to any part of the property, they will take under the provisions of subdivision 8 of section 1386 of the Code of Civil Procedure. Subject to the contingency mentioned in that subdivision, Trena Paulson took title in fee simple under her husband's will. She could have sold the property or disposed of it by will to the exclusion of her deceased husband's heirs. During her lifetime they had no interest in the property and, of course, could maintain no action in relation thereto. "A mere possibility, such as the expectancy of an heir apparent, is not to be deemed an interest of any kind." (Civ. Code, sec. 700.)

Appellant contends that he should have been permitted to prove statements of Trena Paulson tending to show that the property had been conveyed to her. Such evidence would have been hearsay and self-serving.

The judgment is erroneous in adjudging that the defendant, "as administrator of the estate of Trena Paulson, deceased, has not any estate, right, title, interest or claim whatever in or to said real property hereinabove described, or in or to any part or portion thereof." Upon the settlement of the estate of Peter Paulson, the residue of the estate remaining, after payment of debts and expenses of administration, will go to the estate of Trena Paulson and will be subject to the payment of her debts and the expenses of administration of her estate. In the proceeding to administer her estate it will be determined whether or not she left issue and whether or not she made a will disposing of the property in suit, questions which manifestly cannot be determined in this action. The proper judgment to be rendered in such a case as this appears in *Rice* v. *Carey*, 170 Cal. 748, 750 [151 Pac. 135].

The judgment is modified by adding to the part thereof quoted herein the words "except such title, estate and interest as vested in Trena Paulson as heir at law or devisee under the last will and testament of Peter Paulson, deceased." As so modified the judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 10, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 7, 1930.

All the Justices present concurred.