[Civ. No. 8261. First Appellate District, Division Two.—April 5, 1932.]

HENRY E. WARE et al., Respondents, v. SUE C. JULIAN, Appellant.

Lewis Cruickshank, Randall & Bartlett and Kenneth W. Kearney for Appellant.

J. Wiseman MacDonald, W. W. Wallace and R. A. Newell for Respondents.

DOOLING, J., *pro tem.*—This is an appeal by the defendant, Sue C. Julian, from a decree foreclosing a mortgage made to secure the payment of a promissory note and providing for a deficiency judgment.

Attached to the mortgage was the certificate of acknowledgment in regular form of a notary public reciting that Sue C. Julian, known to him to be a party whose name is subscribed to the within instrument personally appeared before him and acknowledged that she executed the same. In the body of the mortgage a copy of the promissory note was set out *in haec verba* and as so set out it purports to bear the signature of Sue C. Julian.

Appellant on the trial testified that she had not signed the note or mortgage or appeared before the notary public and acknowledged the execution of the mortgage.

The trial court found that appellant executed and delivered both note and mortgage. Appellant attacks these findings as being without support in the evidence. The certificate of acknowledgment attached to the mortgage was *prima facie* evidence of its due execution (Code Civ. Proc., sec. 1951; *Thomas* v. *Fursman,* 177 Cal. 550 [171 Pac. 301]), and the only question is whether the certificate of acknowledgment standing alone can support the finding of the trial court against the parol evidence of appellant that she did not sign the note and mortgage nor acknowledge the execution of the mortgage. The precise question seems not to have been passed upon by the courts of this state, but the overwhelming weight of authority in other jurisdictions is to the effect that a certificate of acknowledgment will support a finding of the truth of its recitals against parol evidence contradicting it. The rule is thus stated in *Albany County Sav. Bank* v. *McCarty,* 149 N. Y. 71 [43 N. E. 427, 431], by the court of appeals of New York: "We think that, as between the parties, a certificate of acknowledgment, when read in evidence, makes out a *prima facie* case as strong as if the facts certified had been duly sworn to in open court by a witness apparently disinterested and worthy of belief. The legal presumption of the proper performance of official duty by a public officer requires that this effect should be given it. (*Downing* v. *Rugar,* 21 Wend. (N. Y.) 178 [34 Am. Dec. 223].) While the evidence is not conclusive, . . . it is of such a character as, standing alone, to send a case to the jury, so that they may decide between the probative force of the certificate supported by the presumption that it states the truth, on the one hand,

and the evidence produced in rebuttal, whatever it may be, on the other.''

That this is the generally accepted rule see 3 Jones, Commentaries on Evidence, sec. 490, pp. 379–384; case notes in Ann. Cas. 1917A, p. 368 et seq.; 7 Ann. Cas. 245 and 54 Am. St. Rep. 148; 1 R. C. L., p. 299, sec. 90; 1 C. J., p. 898, secs. 285, 286.

The reasons for this rule are well stated in 1 C. J., pp. 897, 898: ''The reasons for these rules are obvious and satisfactory. They are essential to the security of titles. If the solemn deed of a party to real estate, duly attested by a public officer and recorded according to law, may be avoided by the grantor's individual oath or by anything short of clear and convincing evidence, the efficacy of recording statutes is largely destroyed, and the title to such property is precarious indeed. Public policy, as well as individual security, require that the ownership and peaceful possession of land should be subjected to no such hazard.'' Or as stated in 3 Jones, Commentaries on Evidence, page 381: ''If the evidence of the grantor should be held sufficient to overcome the certificate of the acknowledgment, then most real estate would be held by a slender and uncertain tenure. Where the value of the property is large, and the conscience of the grantor weak, it would afford a powerful inducement for him to claim and swear that the signature to his deed was a  forgery, and thus recover the land which he had sold, and for which he had been paid.''

We are satisfied that the *prima facie* evidence of the certificate of acknowledgment was sufficient to support the finding of due execution even though contradicted by the oral testimony of appellant. This holding not only accords with all the authorities, but is in line with the recent decision of our own Supreme Court in *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529].

Our conclusion on this point renders unnecessary the consideration of the other questions raised by appellant as they go to other issues not necessary to support the judgment.

Judgment affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 5, 1932, and the following opinion then rendered thereon:

THE COURT.—Appellant in her petition for rehearing seems to think that this court decided that the facts recited in a certificate of acknowledgment are conclusive against, and cannot be disproved by, the oral testimony of the person who is certified to have acknowledged the execution of the document. We did not so hold. All that we held in that regard is that the certificate of acknowledgment is itself a species of proof which will support a finding against the oral evidence of such person to the contrary.

Appellant also contends that the certificate of acknowledgment attached to the mortgage can, in no event, stand as proof of her execution of the note. But, as we pointed out in our opinion, a copy of the note was set out *in haec verba* in the mortgage. As so set out it purported to bear a copy of appellant's signature. The execution of the mortgage by appellant being proved, the inclusion therein of a copy of the note purporting to bear her signature amounts to an admission that she signed the note.

The petition for rehearing is denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1932.