[Civ. No. 8260.   First Appellate District, Division Two.—August 19, 1932.]

MONTEREY PARK COMMERCIAL & SAVINGS BANK, Respondent, v. BANK OF WEST HOLLYWOOD et al., Appellants.

David E. Fulwider and Harold A. Fendler for Appellants.

Goudge, Robinson & Hughes and David A. Sondel for Respondent.

JAMISON, J., *pro tem.*—This was an action to cancel a certain deed from plaintiff to defendant Leslie Miller for a certain tract of land containing ten acres in Yucaipa Valley and also to cancel a deed conveying the same land from said Leslie Miller to defendants George W. Miller and Elizabeth Miller, or in the event that title to said land cannot be

decreed to plaintiff, that it recover from defendants the sum of $7,200, that being the reasonable value of said lands.

Judgment was rendered for plaintiff canceling the said deeds and requiring said Millers to reconvey said land to plaintiff within thirty days after its rendition, and in the event of their failure to do this that plaintiff have judgment against them and the defendant Bank of West Hollywood for the sum of $8,000. All of the said defendants filed motions for new trials, and said motions having been denied they have appealed.

No judgment was taken against defendant Alice A. Dodd.

In October, 1926, defendant Alice Dodd and her husband conveyed to respondent by their deed a five-acre tract of land known as block 82, hereafter also referred to as tract No. 1, and also a tract of land known as block 70, hereafter also referred to as tract No. 2.

Thereafter on January 4, 1927, the said Alice Dodd, acting through her husband, J. D. Dodd, entered into an escrow with appellant Leslie Miller by which she agreed, in exchange for certain property to be deeded to her by said Miller, to convey to him the ten-acre tract designated as tract No. 2.

On January 14, 1927, appellant Leslie Miller and said Alice Dodd entered into another escrow known as escrow No. 258 in which she agreed to convey to said appellant the said five acres embraced in tract No. 1 in exchange for certain property to be conveyed to her by said Miller. Both of these escrows were deposited with appellant Bank of West Hollywood as escrow-holder.

On March 25, 1927, respondent wrote a letter to said Bank of West Hollywood, inclosing therewith a deed, wherein respondent was named as grantor and the said Leslie Miller as grantee, conveying to the said Miller the said five acres described as block 82, in which, referring to escrow 251A, the following instructions were given to appellant: "You are at liberty to use this deed in accordance with instructions from Mr. J. D. Dodd which I understand he has given you in connection with the above mentioned escrow and escrow No. 1058 at the Wilshire National Bank, when you are able to remit to this Bank the sum of $4,000.00, together with two Trust Deeds, one in the amount of $2,000.00 on property located near the town of Artesia, Los

Angeles County, the other for $1200.00 on property located on Bentley Avenue, North Pico, Blvd., in the City of Sawtelle."

On April 11, 1927, appellant Bank of West Hollywood wrote respondent as follows, referring to escrow 251A:

"We are returning herewith deed from yourselves to Leslie Miller, covering Block 82, according to Map of Subdivision 3 of a part of Yucaipa Valley, County of San Bernardino, State of California, *except* portions thereof, as this property is being placed in another escrow, and withdrawn from our escrow", and returned therewith respondent's deed to Miller for said Block 82. On April 12, 1927, respondent sent this deed to the Wilshire National Bank with instructions similar to those given the Bank of West Hollywood.

On April 14, 1927, appellant Bank of West Hollywood wrote respondent inclosing a deed from respondent to Leslie Miller for the ten acres described as Block 70 and referring to escrow No. 251A, said: "As the report on condition of title covering property shown in enclosed deed shows title in your Bank we would ask that you have same executed and returned to us. Trusting you will give this matter your attention as we are ready to close the escrow".

On April 25, 1927, the said deed having been signed and acknowledged by the officers of respondent bank it returned said deed to the Bank of West Hollywood with the following letter, referring to escrow 251A: "Enclosed herewith Corporation Grant Deed executed by the Monterey Commercial and Savings Bank in favor of Leslie Miller, a single man. Trusting you will find same correct and satisfactory we are".

One of the officers who signed and acknowledged the last-named deed in behalf of respondent bank was O. R. Clanton, the vice-president thereof. He testified that when he signed the said deed he supposed it contained the same description that was contained in the deed sent to the West Hollywood Bank on March 25, 1927, nor had he at any time received any information, from any source, that a deed containing any other description than that contained in the deed of March 25, 1927, had been requested or required of respondent bank.

W. L. Parslow, who was the secretary of respondent bank and as such signed and acknowledged said last-named deed, testified substantially to the same facts as those testified to by witness Clanton.

Upon the receipt by it of said last-named deed the Bank of West Hollywood caused said deed to be recorded, and delivered it to said Leslie Miller when said escrow No. 251A was closed.

The escrow in the Wilshire Bank was never closed, but was abandoned and the said deed of respondent to Leslie Miller was never delivered to him, but was returned through the mail to respondent.

Respondent never received any consideration for its deed conveying to Leslie Miller the said block 70, consisting of the ten-acre tract.

On February 9, 1927, appellant Bank of West Hollywood wrote the said Alice A. Dodd, stating that it had talked with her husband advising him that it would be necessary to have a deed from respondent to close escrow 251A, and also a copy of its articles of incorporation for filing in San Bernardino County, and on March 4, 1927, a copy of said articles was sent appellant bank by respondent for use in connection with said escrow No. 251A.

On or about August 1, 1927, the said Leslie Miller conveyed said block 70 to his parents, George W. Miller and Elizabeth F. Miller. This deed was recorded on August 11, 1927. Respondent claims that it had no knowledge regarding the delivery of its deed for block 70 to Leslie Miller until in January, 1928, and that on the 28th of that month it wrote the Bank of West Hollywood to return said deed or transmit to it the said $7,200 in cash and mortgages. Appellants contend that the findings are not supported by the evidence.

One of the findings is that the Bank of West Hollywood intentionally misled respondent into believing that the deed to the ten acres in block 70 sent it on April 14, 1927, was in fact the deed for the five-acre tract in block 82. We find no support in the evidence for this finding. Nor are the findings that the Bank of West Hollywood at all times knew or should have known that respondent at no time intended to deposit with the Bank of West Hollywood its deed for the said ten acres in block 70, nor to permit any conveyance of said ten acres to be made to said Miller, and

that the Bank of West Hollywood concealed from respondent the fact that said deed covered the said ten acres in block 70 instead of the five acres in block 82 and concealed from respondent that Leslie Miller had executed a deed to the ten acres in block 70 to George W. Miller and Elizabeth F. Miller are not supported by the evidence. There are other findings of the court which the evidence fails to support, but we will limit our discussion of them to one more only.

The court found that the conveyance from Leslie Miller to George W. Miller and Elizabeth F. Miller was executed without any good or valuable consideration and that said conveyance was received by them with full knowledge of respondent's rights. That each and all of said Millers, at the time the said deed from respondent to Leslie Miller was recorded, knew that said deed had been deposited with the Bank of West Hollywood upon condition that respondent should receive therefor the said sum of $4,000 and the said trust deed prior to its delivery to Leslie Miller and that at all times the said Millers knew that respondent had received nothing of value for said deed. We find no evidence supporting these findings.

Respondent contends that the deed from it to Leslie Miller for the ten-acre tract in block 70, escrow No. 251A, was never delivered to him. While the court found that this deed was delivered by the Bank of West Hollywood to Leslie Miller there is no finding whether or not respondent delivered said deed to Leslie Miller or caused it to be delivered to him.

The Bank of West Hollywood claims that having informed respondent that escrow No. 251A was ready to be closed and that said deed was necessary for that purpose, and inasmuch as respondent, in its letter inclosing said deed, attached no conditions to its delivery to Leslie Miller in completing the closing of said escrow, it was authorized to make the delivery. Some color is given to this claim of appellant, Bank of West Hollywood, from the fact that in its letter of February 9, 1927, to Alice A. Dodd it stated to her that it would be necessary to have a deed from respondent for the said ten-acre tract before escrow No. 251A could be closed, and there is a presumption that respondent had knowledge of the contents of this letter from the fact that in this same letter a request was made for a copy of

respondent's articles of incorporation and on March 11, 1927, respondent sent a copy of said articles to be used in connection with said escrow No. 251A.

Respondent contends that there was not a delivery of the deed executed by it to Leslie Miller and cites authorities to the effect that a deed placed in escrow is not an absolute delivery, but these cases are not in point for the reason that in all of them a condition was attached to the delivery and it was held that a delivery could not be made until there was a compliance with the conditions.

In the instant case no conditions were attached to the delivery of the deed to Leslie Miller. Respondent had notice that escrow 251A was ready to be closed and that its deed was necessary to close same. Without attaching any conditions to its delivery to Leslie Miller it executed the deed and returned it to the Bank of West Hollywood to be delivered to the grantees. ■ The true test under which delivery is to be determined is in ascertaining whether in parting with the possession of the conveyance the grantor thereby intended to divest himself of title. If he did there was an effective delivery of the deed. (*Williams* v. *Kidd*, 170 Cal. 631 [Ann. Cas. 1916E, 703, 151 Pac. 1]; *Hotaling* v. *Hotaling*, 193 Cal. 368 [56 A. L. R. 734, 224 Pac. 455]; *Kimbro* v. *Kimbro*, 199 Cal. 344 [249 Pac. 180].) It was stipulated that the deed from respondent to Leslie Miller was duly executed by respondent. Section 1933 of the Civil Code provides that the execution of an instrument is the subscribing and delivering of it, with or without affixing a seal. And it has been held that execution includes delivery. (*Williams* v. *Kidd, supra; Worthley* v. *Worthley*, 33 Cal. App. 473 [165 Pac. 714]; *Van Valkenburgh* v. *Oldham*, 12 Cal. App. 572 [108 Pac. 42].)

■ Appellants Miller contend that as they are innocent purchasers for value without notice, that judgment should have been rendered in their favor. To entitle one to protection as a *bona fide* purchaser he must aver and prove that he purchased in good faith, without notice and for a valuable consideration. (25 Cal. Jur. 844; *Kenniff* v. *Caulfield*, 140 Cal. 34 [73 Pac. 803]; *County Bank of San Luis Obispo* v. *Fox*, 119 Cal. 61 [51 Pac. 11].) The evidence fails to show that appellants George W. Miller and Elizabeth F. Miller paid a valuable consideration, and that their

purchase of the ten-acre tract was made in good faith and without notice. Nor is there evidence that Leslie Miller paid a valuable consideration for said tract. The burden was upon them to prove these facts. (*Kenniff* v. *Caulfield, supra.*)

Respondent claims that the deed for the ten-acre tract was signed and executed by two of its officers by mistake; that they thought they were signing a deed for the five-acre tract. It appears that this deed for the ten-acre tract was in the possession of respondent for upwards of ten days before it was sent back to the Bank of West Hollywood. Ample opportunity was therefore given it to learn just what tract was contained in the description of the land. In the absence of fraud or undue influence a party cannot rely upon his own negligence or carelessness. (*Placer County Bank* v. *Freeman,* 126 Cal. 90 [58 Pac. 388].)

In the case of *Greve* v. *Taft Realty Co.,* 101 Cal. App. 343 [281 Pac. 641, 645], Mr. Justice Plummer, delivering the opinion of the court, said: "The third proposition which we have to consider is whether the testimony of two of the officers, that they did not read the agreement and did not intend to bind the corporation, can be given any legal effect. The authorities all seem to be in the negative, a few of which we will cite." He thereupon cited, among others, *Silva* v. *Silva,* 32 Cal. App. 115 [162 Pac. 142], *Knox* v. *Modern Garage etc. Shop,* 68 Cal. App. 583 [229 Pac. 880], and *Gridley* v. *Tilson,* 202 Cal. 748 [262 Pac. 322].

Respondent had judgment for $8,000. The prayer was for $7,200 only. A judgment for damages in excess of the amount prayed for is erroneous.

We are of the opinion that for the reasons heretofore set forth the judgment should be reversed and it is so ordered.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 17, 1932.