[Civ. No. 11977.   First Dist., Div. Two.   May 5, 1942.]

ANA RIVERA, Respondent, v. JESUS V. RON et al., Appellants.

Single, Bryant, Cook & Hays, Carroll Single and Clarke Weigand for Appellants.

Harry Gottesfeld and Joseph A. Brown for Respondent.

NOURSE, P. J.—The defendants appeal from an adverse judgment quieting title in plaintiff to real property.

The cause was tried upon an amended and supplemental complaint framed in four counts, the gist of which was that plaintiff's deed to an intermediary holder of the title was not signed, acknowledged, or delivered by her, was procured by fraud and that her signature thereon was forged. The essential facts are that plaintiff purchased the property in 1934 by payment of $400 in cash and the assumption of a mortgage of $4,000. She moved into the place which she conducted as a rooming house, and soon after acquired one Alvarez whom she expected to marry later on. In 1938 she executed a deed conveying the property to Alvarez. This was acknowledged in the presence of a notary, certified, and duly recorded on March 15, 1938. The parties continued to live in the premises, some payments were made upon the principal and interest, and the tax bills showing Alvarez to be the titled owner were paid for the years 1938 and 1939. During this period the plaintiff permitted Alvarez to place a mortgage on the property as titled owner to secure a loan from a local bank. In 1939 Alvarez employed defendant Jesus Ron to work for him as a carpenter. An indebtedness of $376 was unpaid. In 1940 plaintiff requested him to come to her home and see Alvarez who was ill. In her presence this defendant agreed to take Alvarez to a hospital and pay all hospital and other expenses of his illness. Thereafter he promised to pay the funeral expenses, and Alvarez executed and delivered his deed conveying the property to the defendants. Alvarez died on April 15, 1940.

Defendants paid, in addition to the indebtedness of $376, hospital and funeral expenses of $397, accrued taxes amounting to $74, and assumed the mortgage of approximately $3,400. All these payments were made with the knowledge and consent of the plaintiff, with her knowledge that they were consideration for the deed, and upon her statement to the defendants that neither she nor Alvarez had been able to pay the mortgage and ''I wish you can pay it.''

Upon this evidence the trial court made its findings of fact which we are unable to reconcile with the record. It was found that the plaintiff did sign the deed to Alvarez but did not intend to do so; that she was deceived as to the character of the paper she was signing, but in what respect it does not appear; that no consideration was given for her deed, though all the evidence is to the contrary; that no consideration was given to Alvarez for the transfer to defendants, though all the evidence is to the contrary; that this transfer was a part of a fraudulent conspiracy between Alvarez and defendants, though there is not a particle of evidence of either fraud or conspiracy. No finding was made upon the one issue that stands out all through the record—the obvious estoppel of the plaintiff. If the trial court had found upon that issue in accordance with the true facts disclosed, judgment must have gone for the defendants. The findings as a whole appear to have been signed inadvertently and without careful examination. Respondent makes but a feeble attempt to defend them upon the ground that an appellate court should not set aside findings on a ''controverted issue of fact.'' There is no quarrel with that rule, but these findings are not based upon controverted facts.

The judgment must be reversed for these reasons—there was a complete and valid transfer of title from respondent to Alvarez, and she is now estopped to deny it. Respondent insists there was no proof of delivery of the deed. Section 1055 of the Civil Code and section 1948 of the Code of Civil Procedure supply the proof, and delivery is presumed from the possession of the deed by the grantee. (*Stewart* v. *Silva,* 192 Cal. 405, 409 [221 Pac. 191] ; *Merritt* v. *Rey,* 104 Cal. App. 700, 705 [286 Pac. 510] ; *Ware* v. *Julian,* 122 Cal. App. 354 [9 P. (2d) 906].)

Respondent is estopped from denying due execution and delivery of her deed. For two years after its execution she permitted Alvarez to assume ownership, and permitted a local

bank to make him a loan on the basis of that ownership. She voluntarily handed the recorded deed to appellants to enable them to have papers prepared to transfer title to them from Alvarez. She had full knowledge that appellants purchased the property from Alvarez for a good consideration and permitted appellants to pay the taxes. There is no word of evidence showing fraud on the part of appellants in the execution of either deed. If injury has resulted to any one from the transaction it is because of respondent's negligence. The principle of equity that ''Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer'' (§ 3543, Civ. Code), demands a judgment for the appellants.

There is no conflict as to the amount collected by respondent in rents of the premises prior to the trial, but appellants are entitled to an accounting of subsequent rents since it is conceded the respondent has held possession pending the appeal.

The judgment is reversed, and it is remanded for the purpose of such accounting only, with directions to enter judgment for appellants as prayed in their cross-complaint.

Sturtevant, J., and Spence, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 2, 1942. Carter, J., voted for a hearing.