[Sac. No. 5512.   In Bank.   Jan. 12, 1943.]

DAVID E. MILLER, as Executor, etc., Respondent, v. ROBERT N. JANSEN, Appellant.

Hill & Hill, E. E. Grant and Busick & Busick for Appellant.

Morrison & Morrison for Respondent.

SHENK, J.—The plaintiff, as executor of the last will and testament of Meta Rasmussen, deceased, sued to quiet title to real property situated in Humboldt County. The defendant, Robert N. Jansen, appealed from an adverse judgment.

Ownership in the plaintiff was not questioned unless the defendant could successfully claim title through an unrecorded deed found in the possession of the plaintiff's testate at the time of her death. The defendant's claim depended on whether there had been delivery of the deed by the decedent.

Meta Rasmussen died on January 22, 1939. In her safe deposit box, over which she had exclusive control, were found the following described papers:

1. An acknowledged bill of sale to decedent's sister, Maria Beck, of the furniture, furnishings and jewelry at the decedent's home, and moneys on deposit in bank. It was found in an envelope designating the contents as the private property of Maria Beck.

2. An acknowledged assignment of fifteen shares of stock to James Nissen of Berkeley, California, contained in an envelope on which was the statement that the stock was his property.

3. A bill of sale to Miller and his wife of one hundred shares of stock. On the envelope the decedent designated the stock as the "property" of the Millers.

4. An unrecorded deed dated May 4, 1938, signed and acknowledged by Meta Rasmussen, purporting to transfer the decedent's home to Maria Beck as life tenant, and the remainder to Robert N. Jansen. It also purported to have been "Signed, Sealed and Delivered in the presence of Beatrice Myers Winslow." With it was an envelope on which appeared this legend: "5-4-38  This envelope and contents

is the property of Maria Beck of Ferndale and Robert N. Jansen of Manteca, California. Meta Rasmussen. Witness B. M. Winslow.''

5. A will dated January 21, 1937, executed by Meta Rasmussen, by which she disposed of her property in substantially the same manner as by the foregoing described instruments, with one principal exception. Instead of leaving the home property to Maria Beck for life with remainder to Robert N. Jansen, she left it outright to Maria Beck, and named Jansen as residuary legatee.

6. A letter addressed to Rev. and Mrs. Miller in which the decedent declared: ''I have tried to arrange it so it would not have to go through court, but you never know what might be done, so I have also made a will. . . .''

7. A letter to Robert N. Jansen, in which the decedent stated in part: ''I have tried to fix my bit of property, if there should be any left when I pass on where it would do most good. . . . I have tried to fix things so there would be no expense. I hope it works.''

Decedent's sister, Maria Beck, died before the present action was commenced. At the trial, the foregoing described instruments were introduced in evidence by the plaintiff. At the close of the plaintiff's case the defendant rested without the introduction of other evidence. There was no evidence of actual delivery of the deed of May 4, 1938, under which the defendant claimed title. The case was submitted to the trial court on the foregoing documents and evidence of the decedent's exclusive possession and control of the safe deposit box in which they were discovered. The court found that there was no delivery of the deed, that the deed did not leave the exclusive possession and control of the decedent, and that there was no intent on the part of the decedent to effect delivery thereof.

. The defendant relies on section 1055 of the Civil Code which reads: ''A grant duly executed is presumed to have been delivered at its date.'' He contends that there is a presumption of ''delivery'' arising from the provision which, together with the statement of witnessed delivery on the face of the deed, supports only the conclusion that delivery was effected.

Section 1055 must be read with related code sections. Section 1054 of the Civil Code provides: ''A grant takes effect, so as to vest the interest intended to be transferred,

only upon its delivery by the grantor." Section 1933 of the Code of Civil Procedure states that "the execution of an instrument is the subscribing and delivering it, with or without affixing a seal." It has been held that pursuant to this section execution imports delivery. (*Le Mesnager* v. *Hamilton*, 101 Cal. 532 [35 P. 1054, 40 Am.St.Rep. 81]; *Stetson* v. *Briggs*, 114 Cal. 511 [46 P. 603]; *McCormick* v. *Stockton & Tuolumne County R. R. Co.*, 130 Cal. 100, 103 [62 P. 267]; *Williams* v. *Kidd*, 170 Cal. 631, 650 [151 P. 1, Ann.Cas. 1916E, 703]; *Thomas* v. *Fursman*, 177 Cal. 550 [171 P. 301]; *Campbell* v. *Genshlea*, 180 Cal. 213 [180 P. 336]; *Van Valkenburgh* v. *Oldham*, 12 Cal.App. 572, 579 [108 P. 42]; *Elliott* v. *Merchants Bank & Trust Co.*, 21 Cal. App. 536, 540 [132 P. 280]; *Worthley* v. *Worthley*, 33 Cal. App. 473 [165 P. 714]; *Hinkel* v. *Crowson*, 83 Cal.App. 87, 95 [256 P. 479]; *Rockefeller* v. *Smith*, 104 Cal.App. 544 [286 P. 487]; *Monterey Park Commercial & Sav. Bk.* v. *Bank of W. Hollywood*, 125 Cal.App. 402, 408 [13 P.2d 976].) Obviously then, a grant has not been executed (§ 1933, Code Civ. Proc.) and cannot take effect (§ 1054, Civ. Code) until it has been signed and delivered. Section 1055 of the Civil Code refers to a "duly executed" grant, that is, one which has been signed and delivered, before the presumption will arise. The presumption arises only as to the date, not the fact of delivery. A duly signed and delivered instrument is presumed to have been delivered at its date. This interpretation and application of the section relied upon is supported by the decisions of this court. (*Boyd* v. *Slayback*, 63 Cal. 493; *Ward* v. *Dougherty*, 75 Cal. 240 [17 P. 193, 7 Am.St.Rep. 151]; *Gordon* v. *City of San Diego*, 108 Cal. 264 [41 P. 301]; *Lewis* v. *Burns*, 122 Cal. 358 [55 P. 132]; *Burkett* v. *Doty*, 176 Cal. 89 [167 P. 518]; *Marple* v. *Jackson*, 184 Cal. 411 [193 P. 940]. See, also, *Armas* v. *Armas*, 58 Cal.App. 717, 723 [209 P. 256]; *Wood* v. *Henley*, 88 Cal.App. 441, 461 [263 P. 870]; *Stratton* v. *Mt. View Water Co.*, 94 Cal.App. 188, 191 [270 P. 1006]; *Say* v. *Crocker First Nat. Bank*, 98 Cal. App. 408 [277 P. 146].) Section 1055 is a codification of the rule existing at the time of its adoption, that the date of the deed is presumed to be the date of delivery. (See *Treadwell* v. *Reynolds*, 47 Cal. 171, 174.)

The mere signing of the deed by the grantor and a witness and acknowledgment by the grantor are not sufficient to divest the grantor of title. Delivery is essential. (*Boyd* v.

*Slayback,* 63 Cal. 493; *Ward* v. *Dougherty,* 75 Cal. 240 [17 P. 193, 7 Am.St.Rep. 151]; *Donahue* v. *Sweeney,* 171 Cal. 388 [153 P. 708]; *Daneri* v. *Gazzola,* 2 Cal.App. 351, 357 [83 P. 455]; *City Lumber Co.* v. *Brown,* 46 Cal.App. 603, 606 [189 P. 830].) In the case of *Donahue* v. *Sweeney* it was said that delivery or nondelivery was a question of fact to be determined from the surrounding circumstances of the transaction, and that whatever method of delivery be adopted, it must show by acts or words or both that the grantor intended to divest himself of title.

In *Ward* v. *Dougherty* we find this language: "It is hardly necessary to say that a deed only takes effect upon delivery, and that without such delivery it has no validity. . . .

"Section 1055 of the Civil Code provides that 'a grant duly executed is presumed to have been delivered at its date.'

"It may be inferred from the decision in *Boyd* v. *Slayback,* 63 Cal. 493, that this court was of opinion that this inference only applied to the time, and not to the fact, of delivery. In other words, that the fact of delivery must be proven by other and competent evidence, and that when proven, the presumption of the code as to the time of such delivery applies. In view of this interpretation, the fact of delivery of the deed from defendant to Tannian having been sufficiently proven by its production by the attorneys of plaintiff, who held under him, the date of such delivery will, under the code, be deemed to have been the date of the instrument, viz., June 14, 1870."

Possession by the grantee gives rise to an inference that the instrument was duly delivered. (*Ward* v. *Dougherty,* 75 Cal. 240 [17 P. 193, 7 Am.St.Rep. 151]; *Lewis* v. *Burns,* 122 Cal. 358 [55 P. 132]; *McGorray* v. *Robinson,* 135 Cal. 312, 313 [67 P. 279]; *McDougall* v. *McDougall,* 136 Cal. 316 [67 P. 778]; *Thomas* v. *Fursman,* 177 Cal. 550 [171 P. 301]; *Central Trust Co.* v. *Stoddard,* 4 Cal.App. 647 [88 P. 806]; *Thompson* v. *McKenna,* 22 Cal.App. 129 [133 P. 512]; *Burkett* v. *Doty,* 32 Cal.App. 337, 344 [162 P. 1042]; *Drummond* v. *Drummond,* 39 Cal.App.2d 418, 424 [103 P.2d 217]; *James* v. *James,* 80 Cal.App. 185 [251 P. 666]; *Say* v. *Crocker First Nat. Bank,* 98 Cal.App. 408 [277 P. 146]; *Wachner* v. *Richardson,* 14 Cal.App.2d 422 [58 P.2d 714]; *Rivera* v. *Ron,* 51 Cal.App.2d 702 [125 P.2d 517].) But possession by the grantor has been uniformly held to make out a case of non-

delivery, unless actual delivery be shown and that the grantor's possession was merely for safekeeping or similar purpose. (*Tweedale* v. *Barnett*, 172 Cal. 271 [156 P. 483]; *Ostrom* v. *De Yoe*, 4 Cal.App. 326 [87 P. 811]; *Lample* v. *McDougall*, 103 Cal.App. 779 [285 P. 328]. Compare *Marple* v. *Jackson*, 184 Cal. 411 [193 P. 940]; *Shaver* v. *Canfield*, 21 Cal.App.2d 734 [70 P.2d 507]. See, also, *Orris* v. *Whipple*, 224 Iowa 1157 [280 N.W. 617, 129 A.L.R. 1].)

The language in some of the decisions has made it difficult to determine whether the court was applying the presumption of section 1055 of the Civil Code to the fact of delivery as well as to the date thereof. (See *Lample* v. *McDougall*, 103 Cal.App. 779, 781 [285 P. 328].) But most of those cases fall into one or the other of the foregoing groups, and language susceptible of the meaning ascribed to it by the defendant herein was not necessary to the decision because of independent proof of delivery or nondelivery of the deed. Language in those cases which purports to include the fact of delivery within the presumption defined by section 1055 does not state the correct meaning of that section.

In the present case Meta Rasmussen obviously did not intend to effect the immediate passing of title. She was attempting to save the expense of probate. She was laboring under the impression that the signing, witnessing and acknowledgment of the instrument, and designating it as the property of the named grantees, without more, would effect her purpose. She retained control of the instrument and thus disclosed that she intended to consider the property as her own until her death.

We are not here concerned with the application of Code of Civil Procedure, sections 1948 (acknowledged private writings as prima facie evidence of execution) and 1951 (introduction in evidence of acknowledged deed without further proof). The instrument here in question, dated May 4, 1938, was not offered in evidence as proof of its authenticity and effectiveness; but to prove its ineffectiveness as a deed under the circumstances disclosed. The evidence presented to the trial court fully supports the finding that the deed was not delivered to the defendant. It was therefore ineffective as a transfer of title to the property described therein.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.