[Civ. No. 21115.   First Dist., Div. One.   Sept. 16, 1963.]

CHARLES HENRY OBRANOVICH, Individually and as Special Administrator, etc., Plaintiff and Respondent, v. FRANK STILLER, Defendant and Appellant.

Elkins & Wright and Leo A. Elkins for Defendant and Appellant.

Raymond H. Levy for Plaintiff and Respondent.

BRAY, P. J.—Defendant appeals from judgment declaring a certain deed void and quieting title to real property in plaintiff.

## QUESTION PRESENTED

Suffiency of the evidence to support the finding of nondelivery of the deed to take effect in the grantor's lifetime.

## RECORD

In June 1952, defendant's sister Pauline Palm handed to him a gift deed of certain real property in San Francisco. Defendant placed the deed in his safe deposit box. Mrs. Palm died July 17, 1960. Three days later defendant recorded the deed. Plaintiff Charles Henry Obranovich is the nephew of Mrs. Palm. Individually and as special administrator of Pauline Palm's estate, he brought this action to quiet title in the estate to the property. Mrs. Palm left a will in which she divided the property equally between plaintiff and defendant. The court found that Mrs. Palm delivered the deed to defendant without the intent presently to transfer title to him, but intended to effectuate transfer of the property only upon her death. Accordingly judgment quieting title in plaintiff as special administrator was entered.

## SUFFICIENCY OF EVIDENCE

Defendant's only contention on this appeal is that the evidence is insufficient to support the court's finding that the deed was delivered without intent to presently transfer title.

Before reviewing the evidence, we consider the law relating to the transfer of title to real property *inter vivos*.

The well settled rule is succinctly stated by Mr. Justice Peters in *Henneberry* v. *Henneberry* (1958) 164 Cal.App.2d 125, 129 [330 P.2d 250] : ''In addition to physical delivery, and an acceptance by the grantee, to constitute a valid

delivery there must exist a mutual intention on the part of the parties, and particularly on the part of the grantor, to pass title to the property immediately. In other words, to be a valid delivery, the instrument must be meant by the grantor to be presently operative as a deed, that is, there must be the intent on the part of the grantor to divest himself presently of the title. ▮ Even if the document is manually delivered, but the evidence shows that the parties or the grantor intended the document to become operative only upon death, the document is testamentary in character and void as a deed.

▮ "In determining this fundamental issue of intent, various presumptions and inferences arise in favor of the validity of the delivery because of due execution, manual transfer, possession of the document by the grantee, its acknowledgment and recordation. But these presumptions and inferences are all rebuttable. Declarations and acts of the grantor before and after the alleged delivery, and of the grantee afterwards, are admissible on this issue. ▮ Fundamentally, the question of intent is one of fact to be determined by the trier of the facts on all the evidence."

As we said in *Blackburn* v. *Drake* (1963) 211 Cal.App.2d 806, 811 [27 Cal.Rptr. 651], "Delivery or absence of delivery is a question of fact to be determined by the trial court. . . . A deed delivered with the intent that it shall take effect only on the death of the grantor is an attempted testamentary disposition and therefore void."

▮ In *Blackburn* v. *Drake, supra,* pages 812-813, Mr. Justice Molinari pointed out that there has been some confusion in the authorities in this state as to whether the possession of a deed raises a presumption or inference of delivery due to a difference in interpretation of section 1055, Civil Code, which provides that "A grant duly executed is presumed to have been delivered at its date." He then refers to the cases holding each way respectively, and concludes that the question has been settled by the decision in *Miller* v. *Jansen,* 21 Cal.2d 473, 477 [132 P.2d 801], which holds that possession of a deed by the grantee raises an inference of delivery. But, says he, "Whatever the niceties of the law be as between a presumption and an inference insofar as the kind or amount of evidence necessary to dispel such presumption or inference, it is settled law that the inference of delivery and the presumption of date of delivery are rebuttable and in the face of contrary evidence become considerations of fact for the trial court or jury to determine,

[Citations] . . . Whether there was a delivery involved a disputed question of fact which was the function of the trial judge to determine from the facts and circumstances in evidence, it being within his province to pass upon the credibility of the witnesses, to weigh their testimony, and draw therefrom his inferences.'' (P. 813.) Defendant contends that where the word ''delivery'' is used in the authorities it means the manual transmission of the deed, whereas the ''delivery'' the authorities are talking about and the one with which we are concerned means delivery with intent to vest in the grantee immediate title to the property described in the deed. (See the quotation hereinbefore set forth from *Henneberry* v. *Henneberry, supra,* page 129.)

█ Defendant also contends that there is an inconsistency in the findings because of the use by the court of the word ''deliver'' in finding VI: ''That it is true that the deceased PAULINE PALM did deliver said deed to said FRANK STILLER during her lifetime, but said PAULINE PALM at the time of delivery never intended to transfer said real property, or any interest therein, to defendant FRANK STILLER, or any other person at any time during her lifetime and instead intended said deed to effectuate transfer of the property upon her death.'' There is no inconsistency. It is clear from the finding as a whole that ''deliver'' meant only manual transfer.

█ Because of the inference arising from possession of the deed by the grantee, a prima facie case of a valid delivery was established by the evidence in this case that Mrs. Palm executed the deed and handed it to defendant, and that the deed remained in defendant's possession thereafter. █ Thus, we are confronted with the question whether there are circumstances or other contradicting evidence which overcomes the inference of delivery and any evidence supporting delivery.

In addition to this inference, there is testimony to the effect that on January 16, 1952, approximately five months prior to the execution of the deed, Mrs. Palm made a holographic will leaving the property to defendant, and the testimony of witness Michael, the lessee of a store in the building on the property, to the effect that when he asked Mrs. Palm for a renewal of his lease, she stated that her brother owned the building. Defendant contends that the testimony of Mrs. Svoboda, a friend of Mrs. Palm's, that the latter had stated that she had given defendant a gift deed to the property, supports his case. However, this statement was

qualified by Mrs. Palm's further statement to Mrs. Svoboda, "She said she had always wanted him to have the property when she had gone on. . . ." The court then asked Mrs. Svoboda, "You are certain in your own mind that she said he was to have the property. . . when she passed on?" The witness: "Definitely; she certainly did." The witness on redirect examination stated that Mrs. Palm said to her, "I gave Frank a gift deed, and he is to have the property when I have passed on."

In contradiction of this evidence and supporting the court's finding that the transfer of title was not intended to occur until Mrs. Palm's death is the following: Defendant did not collect any of the rents from the property, nor did he pay any taxes on the property. Mrs. Palm collected all the rents, paid the taxes and arranged and paid for the insurance. All that he did with respect to the property was to do some repair work when Mrs. Palm requested him to do so. Mrs. Palm continued to live in an apartment on the premises. Defendant did not file a gift tax return in 1952 after receiving the deed. Mrs. Palm never accounted to defendant for the rents. He did not declare any revenue from the property or expenses or depreciation on the property in his income tax returns. Defendant testified that he knew that his sister was reporting in her income tax return the rentals received by her from the property. In a letter written to Mr. and Mrs. Michael, after the date of the delivery of the deed, Mrs. Palm stated that the property "will be" defendant's, which statement is not consistent with her having already passed title to defendant.

■ "The retaining of possession of the property by plaintiff and the exercising of acts of proprietorship over it by her are evidence of ownership and a lack of delivery of the deed." (*Labadie* v. *Labadie* (1943) 57 Cal.App.2d 456, 464 [134 P.2d 858].) "Exercise of dominion over property after the execution of a deed is incompatible with delivery and inconsistent with divestiture of title. [Citations.] While such dominion does not negate delivery as a matter of law, its incompatibility with delivery renders it a circumstance to be considered by the trier of fact on the question of delivery or nondelivery, particularly when coupled, as here, with the circumstance of nonexercise of dominion by the grantees." (*Blackburn* v. *Drake, supra*, p. 818.)

■ The testimony of defendant's witness Mrs. Svoboda hereinbefore related clearly shows that Mrs. Palm did not

intend title to pass until her death; defendant was "to have the property when I have passed on."

It is interesting to note that defendant did not testify as to anything that Mrs. Palm said to him when she handed him the deed, nor to any discussion between them as to her continuing to live in the property, to manage it and collect the rents, etc. It seems strange that his sister would hand him a deed to transfer immediate title without discussion as to what her relationship to the property was to be thereafter. Defendant testified that no witnesses were present when the deed was given him. His failure to disclose what was said, coupled with his not recording the deed until after her death, plus her complete control and management of the property, strongly indicate that it was intended not only by Mrs. Palm, but by defendant as well (although it is Mrs. Palm's intent with which we are primarily concerned (*Blackburn* v. *Drake, supra,* p. 811)) that the deed was only to have a testamentary effect.

All of the above mentioned facts furnish substantial contradiction of the evidence and the inference in favor of defendant.

As we said in *Blackburn, supra,* page 814, "While it is true that recordation is not essential to the validity of a deed and that the failure to record in and of itself does not vitiate delivery or the intent to make a present transfer [citations], the failure to record until after the death of the grantor is a circumstance for the court to consider with the other circumstances surrounding the transaction in ascertaining whether the grantor intended the deed to be presently operative. [Citations.]"

*Stewart* v. *Silva* (1923) 192 Cal. 405 [221 P. 191], cited by defendant, is not in point. There the evidence was conflicting as to whether there was a valid delivery of the deed. The court held that the evidence of the plaintiff did not overcome the presumption arising from the possession of the deed by the grantee and his evidence of absolute delivery. Differing from the situation in our case, the defendant there testified that the grantor in handing him the deed said "From now on this property is yours. . . ." (P. 407.) The court stated that the circumstances of that case, where the grantee continued to live with the grantor, her godfather, and the grantor continued to pay taxes and insurance, did not overcome the presumption arising from the grantee's possession of the deed, in view of the grantor's statement at

the time of the delivery of the deed. The case does not hold that continued dominion over the premises by the grantor is not a circumstance to be considered in determining whether there has been a valid delivery of the deed, but merely that it is not necessarily a conclusive circumstance. In the case at bench probably each of the circumstances upon which the court relied for its finding of nondelivery in itself would not support the finding, but upon a consideration of the entire record the cumulative effect of the evidence in favor of the court's finding amply supports it.

The judgment is affirmed.

Sullivan, J., and Molinari, J., concurred.

A petition for a rehearing was denied September 30, 1963, and appellant's petition for a hearing by the Supreme Court was denied November 13, 1963.